Kabore v. Garland

BIA
Parchert, IJ
A206 283 607

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-two.

PRESENT:
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

SIDBEWENIM OLIVIER KABORE,
    *Petitioner,*

v.                                    20-3118
                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:          Evan M. Goldberg, Esq.,
                         Washington, DC.

FOR RESPONDENT:          Brian Boynton, Acting Assistant
                         Attorney General; Anthony C.
                         Payne, Assistant Director; Raya
                         Jarawan, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,

Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sidbewenim Olivier Kabore, a native and citizen of Burkina Faso, seeks review of an August 13, 2020 decision of the BIA affirming a June 8, 2018 decision of an Immigration Judge ("IJ") denying Kabore's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sidbewenim Olivier Kabore*, No. A206 283 607 (B.I.A. Aug. 13, 2020), *aff'g* No. A206 283 607 (Immig. Ct. N.Y. City June 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

## I. Adverse Credibility Determination

We review an adverse credibility determination under a substantial evidence standard, *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator

would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

Kabore alleged that he was arrested twice in connection with his participation in anti-government protests, that

3

armed men surrounded his home, and that his father was also arrested. The agency reasonably relied on inconsistencies between the written statement Kabore submitted with his asylum application and a later affidavit, and between the corresponding inconsistencies between his statements at his asylum interview and his hearing testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The record confirms inconsistencies regarding the date of Kabore's first arrest, how Kabore obtained his release from detention, and when his father was arrested. Moreover, Kabore admitted making false statements at his interview. The admitted falsehoods and multiple inconsistencies concerning the alleged persecution constitute substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[W]here an IJ's finding of fabrication (supported by substantial evidence) serves as the basis for discrediting other evidence, a reviewing court is in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence.").

The agency was not compelled to accept Kabore's explanations—that his former non-attorney representative was responsible for the errors, that he did not know of the false information until after he retained new counsel, that he believed he had to testify consistently with his application, and that he believed that he could modify biographical information but not change elements of his asylum claim— because Kabore made false statements at the interview not included in his written statement and about issues other than biographical information. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Given the multiple inconsistencies that call into question Kabore's alleged persecution, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

## II. Motion to Remand

We review the BIA's denial of Kabore's motion to remand for the IJ to consider a religious persecution claim for abuse of discretion and review any country conditions determination for substantial evidence. *See Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 156–57 (2d Cir. 2005); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen." *Li Yong Cao*, 421 F.3d at 156. "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him or her and an opportunity to apply therefore was afforded at the former hearing, unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing." 8 C.F.R. § 1003.2(c)(1) (version in effect until Jan. 14, 2021). The movant bears the "heavy burden of demonstrating a likelihood that the new evidence presented would alter the

result in the case." *Li Yong Cao*, 421 F.3d at 156 (quotation marks omitted).

Kabore moved for remand, asserting that he was a practicing Catholic, and that new evidence showed worsening persecution of Christians since his 2018 hearing. We find no abuse of discretion in the BIA's denial of the motion. The record reflected general violence and violence against Christians at and before the time of Kabore's hearing before the IJ, and Kabore did not identify a material change in conditions as required to excuse his failure to raise a claim of religious persecution in his original proceedings. *See* 8 C.F.R. § 1003.2(c)(1).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court